PEOPLE v MALONE

Docket No. 286958. Submitted January 5, 2010, at Detroit. Decided
     March 30, 2010, at 9:00 a.m.

Patricia A. Malone was convicted by a jury in the Wayne Circuit
Court, Carole F. Youngblood, J., of three counts of stealing or
retaining a financial transaction device without consent, MCL
750.157n(1). Defendant appealed.

The Court of Appeals *held*:

1. MCL 750.157m(f)(v) does not require actual physical posses-
sion of identification numbers that can be used to access a
proprietary account, and an attempt to access a proprietary
account need not occur. Rather, stealing or retaining a record or
copy of information that can be used to obtain access to money,
credit accounts, or anything of value is sufficient. Therefore,
defendant's decision to copy and retain the driver's license num-
bers, social security numbers, and bank account numbers of fellow
employees on "post-it" notes without the authorization of the
employees was conduct prohibited by the statute. The statute does
not require an actual attempt to gain access to the accounts by the
possessor of the copy of the proprietary information. Defendant's
challenge to the sufficiency of the evidence to support the convic-
tions is without merit because, although defendant testified that
she gathered the information in the course of her employment and
innocently took the information home, the jury rejected the
credibility of those assertions.

2. Defendant's challenge to the constitutionality of MCL
750.157n(1) is without merit. A defendant may not challenge a
statute as unconstitutionally vague when, as in this case, the
defendant's own conduct is fairly within the constitutional scope of
the statute. The fact that a hypothetical may be posed that would
cast doubt upon the statute does not render it unconstitutionally
vague.

3. Defendant's claim that she was wrongfully convicted be-
cause the action was tried in Wayne County but the evidence was
recovered in Oakland County is without merit. Although the
evidence was recovered in Oakland County, it was taken in the
course of defendant's employment in Wayne County. Whenever a

felony consists or is the culmination of two or more acts done in the perpetration thereof, the felony may be prosecuted in any county in which any one of said acts was committed. MCL 762.8.

4. Evidence of other criminal acts is admissible when it explains the circumstances of the crime. It is proper to provide background information to the jury to allow them to examine the full transaction. The prosecutor was not required, under the facts of this case, to file a motion to admit prior bad acts evidence when the prosecutor offered evidence to show that an investigation was initiated by the report of identity theft of a number of Wayne County employees and to show how investigators came to focus on defendant.

5. The trial court did not err by denying defendant's motion to suppress evidence. There was probable cause to issue the search warrant and the affidavit supporting the warrant did not contain false information.

Affirmed.

CRIMINAL LAW — FINANCIAL TRANSACTION DEVICES.

A person who knowingly retains, possesses, secretes, or uses a financial transaction device without the consent of the device-holder is guilty of a felony regardless of whether the person attempts to access a proprietary account with the device; a record or copy of information that can be used to gain access to money, credit accounts, or anything of value may be a financial transaction device (MCL 750.157m[f][*v*], 750.157n).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Olga Agnello*, Assistant Prosecuting Attorney, for the people.

*Law Offices of Robert J Boyd III, P.C.* (by *Robert J Boyd III*), and Patricia A. Malone, *in propria persona*, for defendant.

Before: DAVIS, P.J., and FORT HOOD and SERVITTO, JJ.

PER CURIAM. Defendant was convicted, following a jury trial, of three counts of stealing or retaining a

financial transaction device without consent, MCL 750.157n(1). She was sentenced to one year of probation. Defendant appeals as of right, and we affirm.

Carla Sledge, Wayne County's chief financial officer, contacted the Wayne County Sheriff's Department after learning that several high-ranking employees were the victims of identity theft. Specifically, the credit card information for several employees was now being mailed to the same address. With regard to Sledge, an individual named Terry Lewis had attempted to change the mailing address and approved users for her credit card. Detective Eric Catner investigated the case and found that Terry Lewis had attempted to change the account information of other employees who worked in the financial offices of Wayne County government. When Lewis was located, he identified DeJuan Whitehead as the source of the personal identification information belonging to Wayne County employees. Whitehead reportedly obtained the information from a female employee who worked for Wayne County. Through the use of the "auto track" system, Detective Catner learned that, at one time, Whitehead lived with defendant. The auto track system reveals connections between individuals using references, mailing addresses, credit applications, and other information.

As a result of the investigation, a search warrant was executed at defendant's residence in Oakland County. Under some clothing, a blue notebook was recovered from a dresser in defendant's bedroom. The blue notebook contained "post-it" self-stick notes with personal information relating to four Wayne County employees written on them. A dietician employed by the county identified a post-it note containing her social security number, driver's license number, date of birth, phone number, and bank account number. She had provided

bank account information to allow her checks to be deposited directly in her bank account. The dietician did not know defendant and never authorized her to have this information. A former summer law clerk identified a post-it note containing her social security number, date of birth, and driver's license number. She did not know defendant and did not authorize her to have this information. An assistant prosecuting attorney identified a post-it note containing her social security number, driver's license number, date of birth, home address, telephone numbers, and bank account number. The bank account number was provided to the county to allow for direct deposits. The prosecutor did not know defendant and did not authorize defendant to have that information at her home.[1]

Wayne County employees testified that a recently enacted federal law required that the government protect the social security numbers of employees. Thereafter, employees were given identification numbers when hired and were identified by this number. Additionally, payroll department employees had no use for all of the information found on the post-it notes. Specifically, the payroll department did not maintain records containing driver's license numbers. The human resources department would maintain records containing driver's license numbers. An employee's work password limited their access to information dealing with their department.[2] An employee could not log onto the system and obtain information retained for other departments.

---

[1] The fourth employee was out of state and did not testify at trial. The trial court granted defendant's motion for a directed verdict with regard to the charge concerning this individual.

[2] The testimony at trial indicated that file cabinets containing personal information were kept near the payroll department. The payroll manager testified that defendant had access to the keys, but defendant denied this assertion.

Defendant testified that she was assigned to the management and budget office, but worked in payroll when necessary. She testified that she was not assigned a password to access the payroll division information, rather payroll employee Alyse Cade would log onto the system under her identification and allow defendant to work under her password. Defendant testified that Cade had to leave early one day and needed to lock up all of the forms. Therefore, defendant wrote all of the information that she may need for data entry on post-it notes and placed it in a notebook she used at work.[3] Defendant forgot that she had this information and did not realize that she had taken it home. She learned about the post-it notes after the police executed a search warrant at her home when she was not present. Defendant testified that she never utilized the information and did not intend to use the information. She testified that she did not live extravagantly. However, on cross-examination, defendant admitted that she declared bankruptcy in 2005. Despite her testimony, defendant was convicted of three counts of stealing or retaining a financial transaction device without consent.

### I. SUFFICIENCY AND GREAT WEIGHT OF THE EVIDENCE

Defendant contends that there was insufficient evidence to support the convictions for stealing or retaining a financial transaction device without consent, MCL

---

[3] Cade denied the assertion that she had ever allowed defendant to access the computer through the use of Cade's password. She also denied the assertion that defendant needed to write information on post-it notes to allow Cade to leave early. Cade testified that the processing of direct deposits was not crucial and could wait until the next day if she needed to leave early. Cade also testified that the information compiled on the post-it notes was not necessary in the course of the payroll work.

750.157n(1), or, in the alternative, that the verdict was against the great weight of the evidence. We disagree. MCL 750.157n(1) provides:

> A person who steals, knowingly takes, or knowingly removes a financial transaction device from the person or possession of a deviceholder, or who knowingly retains, knowingly possesses, knowingly secretes, or knowingly uses a financial transaction device without the consent of the deviceholder, is guilty of a felony.

MCL 750.157m(f) defines "financial transaction device" as any of the following:

> (*i*) An electronic funds transfer card.

> (*ii*) A credit card.

> (*iii*) A debit card.

> (*iv*) A point-of-sale card.

> (*v*) Any instrument, device, card, plate, code, account number, personal identification number, or a record or copy of a code, account number, or personal identification number or other means of access to a credit account or deposit account, or a driver's license or state identification card used to access a proprietary account, other than access originated solely by a paper instrument, that can be used alone or in conjunction with another access device, for any of the following purposes:

> (A) Obtaining money, cash refund or credit account credit, goods, services, or any other thing of value.

> (B) Certifying or guaranteeing to a person or business the availability to the deviceholder of funds on deposit to honor a draft or check payable to the order of that person or business.

> (C) Providing the deviceholder access to a deposit account for the purpose of making deposits, withdrawing funds, transferring funds between deposit accounts, obtaining information pertaining to a deposit account, or making an electronic funds transfer as defined in section

3(4) of Act No. 322 of the Public Acts of 1978, being section
488.3 of the Michigan Compiled Laws.

A challenge to the sufficiency of the evidence is
reviewed de novo. *People v Martin*, 271 Mich App 280,
340; 721 NW2d 815 (2006). When reviewing a claim of
insufficient evidence, this Court reviews the record in a
light most favorable to the prosecution to determine
whether a rational trier of fact could find that the
essential elements of the crime were proven beyond a
reasonable doubt. *In re Contempt of Henry*, 282 Mich
App 656, 677; 765 NW2d 44 (2009). Appellate review of
a challenge to the sufficiency of the evidence is defer-
ential. *People v Nowack*, 462 Mich 392, 400; 614 NW2d
78 (2000). The reviewing court must draw all reason-
able inferences and examine credibility issues in sup-
port of the jury verdict. *Id*. When assessing a challenge
to the sufficiency of evidence, the trier of fact, not the
appellate court, determines what inferences may be
fairly drawn from the evidence and the weight to be
accorded those inferences. *People v Hardiman*, 466
Mich 417, 428; 646 NW2d 158 (2002). This Court must
not interfere with the jury's role as the sole judge of the
facts when reviewing the evidence. *People v Meshell*,
265 Mich App 616, 619; 696 NW2d 754 (2005).

Statutory construction issues present questions of
law subject to review de novo. *People v Keller*, 479 Mich
467, 473-474; 739 NW2d 505 (2007). When the manifest
intention of the Legislature is derived from the lan-
guage of a clear statute, nothing will be read into the
clear statute. *Bay Co Prosecutor v Nugent*, 276 Mich
App 183, 189; 740 NW2d 678 (2007). The Legislature is
presumed to intend the meaning it plainly expressed.
*People v Petty*, 469 Mich 108, 114; 665 NW2d 443 (2003),
and courts may not speculate as to the intent of the
Legislature beyond the language plainly expressed in

the statute. *People v Hock Shop, Inc*, 261 Mich App 521, 528; 681 NW2d 669 (2004). The function of a reviewing court resolving disputed interpretations of statutory language is to effectuate the legislative intent. *People v Valentin*, 457 Mich 1, 5; 577 NW2d 73 (1998). When the statutory language is clear, the courts must enforce the statute as written. *Id*. The application of the law to the facts is reviewed de novo. *People v Barrera*, 451 Mich 261, 269 n 7; 547 NW2d 280 (1996).

Defendant contends that there was insufficient evidence to convict her because she did not have a physical card belonging to any of the complainants. That is, she merely "innocently possessed some personal information/account numbers." Defendant argues that the possession of another's "social security number alone does not qualify as a 'financial transaction device,' " and that defendant did not use the information found on the post-it notes to "access a proprietary account." Defendant posits that when an intent to defraud has not been shown to exist, there has been no violation of the statute and insufficient evidence to convict has been presented. We disagree.

Review of the plain language of the statute at issue reveals that defendant was not required to possess the physical cards that allow access to proprietary accounts and the complainants did not need to suffer an actual loss to support the convictions. As previously stated, MCL 750.157m(f)(*v*) addresses the conduct at issue by providing:

> Any instrument, device, card, plate, code, account number, personal identification number, or a record or copy of a code, account number, or personal identification number or other means of access to a credit account or deposit account, or a driver's license or state identification card used to access a proprietary account, other than access

originated solely by a paper instrument, that can be used alone or in conjunction with another access device, for any of the following purposes:

(A) Obtaining money, cash refund or credit account credit, goods, services, or any other thing of value.

(B) Certifying or guaranteeing to a person or business the availability to the deviceholder of funds on deposit to honor a draft or check payable to the order of that person or business.

(C) Providing the deviceholder access to a deposit account for the purpose of making deposits, withdrawing funds, transferring funds between deposit accounts, obtaining information pertaining to a deposit account, or making an electronic funds transfer as defined in section 3(4) of Act No. 322 of the Public Acts of 1978, being section 488.3 of the Michigan Compiled Laws. [MCL 750.157m(f)(v).]

MCL 750.157m(f)(v) does not require actual physical possession of identification numbers that can be used to access a proprietary account, and an attempt to access a proprietary account need not occur.[4] Rather, a "record or copy" of information that "can be used" to obtain access to money, credit accounts, or anything of value is sufficient. MCL 750.157m(f)(v)(A) and (C). Therefore, defendant's decision to copy the driver's license numbers, social security numbers, and bank account numbers without the authorization of the employees is conduct prohibited by the plain language of the statute. MCL 750.157n; *Valentin*, 457 Mich at 5. The statute at issue does not require an actual attempt to gain access

---

[4] The dietician and the assistant prosecuting attorney testified that the information provided was necessary to allow for the direct deposit of their paychecks into their bank accounts. Therefore, this testimony demonstrated that this information could access a proprietary account. Moreover, driver's license numbers and social security numbers are commonly provided to verify identification on existing bank or credit accounts and to create new accounts.

to the accounts by the possessor of the copy of the proprietary information.

Defendant contends that her possession of the information was inadvertent and innocent, and therefore, there was insufficient evidence to support the convictions. We disagree. Although defendant testified that she copied the information in the course of her employment, payroll employee Cade contradicted defendant's testimony. Cade testified that she did not allow defendant to access the programs through the use of her password, and the information copied by defendant was not necessary to complete direct deposits. Additionally, other employees testified that the information compiled by defendant was not gathered in one location and was not necessary for the completion of defendant's work. Although defendant testified that she gathered the information in the course of her employment and innocently took the information home, the jury rejected the credibility of those assertions. *Nowack*, 462 Mich at 400. Therefore, the challenge to the sufficiency of the evidence to support the convictions is without merit.[5]

## II. CONSTITUTIONAL CHALLENGE

Next, defendant challenges the constitutionality of the statute as vague and overbroad both on its face and

---

[5] Defendant contends that the innocent possession and the failure to acquire and use the actual account numbers also demonstrate that the verdict was against the great weight of the evidence. In light of the application of the law to the facts of the case, the inferences from the evidence, and the assessment of the credibility of the witnesses, this challenge is without merit. *Nowack*, 462 Mich at 400; *Barrera*, 451 Mich at 269 n 7. In a Standard 4 brief, defendant asserted that the information provided that the crime occurred in 2007, but trial testimony demonstrated that the information was gathered in 2005. MCL 750.157n(1) criminalizes the knowing *retention* and possession of a financial transaction device. Therefore, the challenge to the timeframe is without merit.

as applied to defendant. We disagree. Statutes are presumed to be constitutional. *People v Harper*, 479 Mich 599, 621; 739 NW2d 523 (2007). To overcome this presumption, the unconstitutionality must be readily apparent. *In re McEvoy*, 267 Mich App 55, 68; 704 NW2d 78 (2005). "The party challenging a statute's constitutionality cannot merely claim unconstitutionality, but has the burden of proving its invalidity." *Id.* "The presumption of constitutionality may justify a narrow construction or even a construction against the natural interpretation of the statutory language." *People v Lueth*, 253 Mich App 670, 675; 660 NW2d 322 (2002). In *People v Hrlic*, 277 Mich App 260, 263; 744 NW2d 221 (2007), this Court delineated the rules applicable to a statute challenged as unconstitutionally vague:

> A statute may be unconstitutionally vague on any of three grounds: (1) it is overbroad, impinging on First Amendment freedoms, (2) it fails to provide fair notice of the conduct proscribed, or (3) it is so indefinite that it confers unlimited and unstructured discretion on the trier of fact to determine whether an offense has occurred. To evaluate a vagueness challenge, this Court must examine the entire text of the statute and give the words of the statute their ordinary meanings. "To afford proper notice of the conduct proscribed, a statute must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited." A term that requires persons of ordinary intelligence to speculate about its meaning and differ on its application may not be used. To be sufficiently definite, the meaning of a term must be "fairly ascertainable by reference to judicial interpretations, the common law, dictionaries, treatises, or the commonly accepted meanings of words." Vagueness challenges must be considered in light of the facts at issue. [Citations omitted.]

A defendant may not challenge a statute as unconstitutionally vague when the defendant's own conduct is

fairly within the constitutional scope of the statute. *People v Hill*, 269 Mich App 505, 525; 715 NW2d 301 (2006). The fact that a hypothetical may be posed that would cast doubt upon the statute does not render it unconstitutionally vague. *People v Derror*, 475 Mich 316, 337; 715 NW2d 822 (2006). Rather, the analysis must center on whether the statute, as applied to the actions of the individual defendant, is constitutional. *Id.*

The statute at issue, MCL 750.157n(1) criminalizes the knowing retention and possession of a financial transaction device without the consent of the device-holder. A financial transaction device refers to any record or copy of an account number or personal identification number that can be used to access money, credit, a deposit account, or any other thing of value. MCL 750.157m(f)(*v*)(A) and (C). In the present case, defendant copied account numbers belonging to the complainants and had that information in her personal possession without their consent. Defendant was entitled to access *some* of the information in the course of her employment, but nonetheless, took the information to her home. The jury rejected defendant's testimony that her possession of the information was inadvertent and the result of a mistake. Although the monetary and credit accounts of the complainants had not yet been compromised, the statute at issue punishes retention or possession of a financial transaction device that *can be used* to access proprietary accounts. Accordingly, defendant's challenge to the constitutionality of the statute with regard to her conduct is without merit.[6]

---

[6] Defendant contends that the statute is impermissibly vague because it does not identify the specific types of information, such as social security number or driver's license number, which is improper to possess. In the present case, defendant gained access to the driver's license number, social security number, and bank account information of em-

III. VENUE

Defendant argues that she was wrongfully convicted because the action was tried in Wayne County, but the evidence introduced at trial was recovered in Oakland County. We disagree. "A trial court's determination regarding the existence of venue in a criminal prosecution is reviewed de novo." *People v Fisher*, 220 Mich App 133, 145; 559 NW2d 318 (1996).

Generally, a defendant must be tried in the county where the crime is committed. *People v Jendrzejewski*, 455 Mich 495, 499; 566 NW2d 530 (1997). Jurisdiction addresses the judicial power to hear and determine a criminal prosecution whereas venue relates to and defines where the prosecution is to be brought or tried. *People v Gayheart*, 285 Mich App 202, 215-216; 776 NW2d 330 (2009). Although venue is not an essential element of a crime, it must be proven beyond a reasonable doubt, and the determination regarding venue presents a factual issue for the jury. *Id.* at 216. Venue may be proven by circumstantial evidence and reasonable inferences drawn from the evidence. *Id.*

"Whenever a felony consists or is the culmination of 2 or more acts done in the perpetration thereof, said felony may be prosecuted in any county in which any 1

ployees in the course of her employment. This information allowed access to proprietary accounts because it allowed direct deposits of paychecks into the account of the employee. Because defendant's conduct falls squarely within the terms of the statute, her challenge fails. *Derror*, 475 Mich at 337. Defendant also posits that the statute criminalizes the gathering of account information by bank employees and Secretary of State employees. The presentation of hypothetical scenarios does not alter the conclusion that defendant's conduct falls within the scope of the statute. *Id.* Moreover, there is a distinction between the provision of account information to an employee with the consent of the deviceholder for purposes of engaging in a transaction and the subsequent, nonconsensual appropriation by an employee outside the scope of one's employment.

of said acts was committed." MCL 762.8. When applying MCL 762.8, the location of the commission of an act is not limited to the place of the defendant's physical presence. *Fisher*, 220 Mich App at 151-152. Rather, when an act has effects elsewhere that are essential to the offense, the offense is effectively committed in the place where the act has its effects. *Id.* Although evidence was retrieved from defendant's Oakland County residence, the personal information was taken in the course of defendant's employment in Wayne County. Contrary to the argument raised by the defense, the date of the offense as stated in the information is not the test for determining venue. Accordingly, this claim of error is without merit.

## IV. BAD ACTS EVIDENCE

Defendant asserts that her convictions must be reversed or vacated because the trial court improperly admitted other prior bad acts evidence that was more prejudicial than probative particularly when other persons committed the improper acts. We disagree. A trial court's decision to admit evidence is reviewed for an abuse of discretion. *People v Katt*, 468 Mich 272, 278; 662 NW2d 12 (2003). When the decision to admit evidence involves a preliminary question of law, such as whether an evidentiary rule precludes admission of the evidence, this issue of law is reviewed de novo. *Id.* An abuse of discretion occurs when the trial court selects an outcome that falls outside the range of reasonable and principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

Defendant's assertion of error is simply without merit. The prosecution did not seek permission to present other acts evidence in accordance with MRE 404(b). Rather, the evidence was offered to show that

the investigation was initiated by the report of identity theft of a number of Wayne County employees and how investigators came to focus on defendant. It is proper to provide background information to the jury to allow them to examine the full transaction. "The more the jurors kn[ow] about the full transaction, the better equipped they [are] to perform their sworn duty." *People v Sholl,* 453 Mich 730, 742; 556 NW2d 851 (1996).

> It is the nature of things that an event often does not occur singly and independently, isolated from all others, but, instead, is connected with some antecedent event from which the fact or event in question follows as an effect from a cause. When such is the case and the antecedent event incidentally involves the commission of another crime, the principle that the jury is entitled to hear the "complete story" ordinarily supports the admission of such evidence. *State v Villavicencio,* 95 Ariz 199; 388 P2d 245 (1964); *People v Wardwell,* 167 Cal App 2d 560; 334 P2d 641 (1959); McCormick on Evidence (2d ed), § 190. [*People v Delgado,* 404 Mich 76, 83; 273 NW2d 395 (1978).]

Evidence of other criminal acts is admissible when it explains the circumstances of the crime. *Sholl,* 453 Mich at 742 (citations omitted). In light of the limited purpose for the evidence, the prosecution was not required to file a motion to admit prior bad acts evidence. Thus, this issue does not entitle defendant to appellate relief.

### V. MOTION TO SUPPRESS

Lastly, defendant contends that the trial court erred by denying the motion to suppress evidence because the search warrant lacked probable cause and the affidavit contained false information. We disagree. On appeal, the trial court's findings of fact on a motion to suppress evidence are reviewed for clear error, but the trial court's ultimate decision on the motion is reviewed de

novo. *People v Williams*, 472 Mich 308, 313; 696 NW2d 636 (2005). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Lanzo Constr Co*, 272 Mich App 470, 473; 726 NW2d 746 (2006).

A search warrant may only be issued upon a showing of probable cause. US Const, Am IV; Const 1963, art 1, § 11; MCL 780.651(1). Probable cause for issuance of a search warrant exists if there is a substantial basis for inferring a fair probability that contraband or evidence of a crime exists in the location to be searched. *People v Unger*, 278 Mich App 210, 244; 749 NW2d 272 (2008). When reviewing a magistrate's decision to issue a search warrant, this Court must examine the search warrant and underlying affidavit in a common-sense and realistic manner. *People v Darwich*, 226 Mich App 635, 636-637; 575 NW2d 44 (1997). Under the totality of the circumstances, this Court must then determine whether a reasonably cautious person could have concluded that there was a substantial basis for the magistrate's finding of probable cause. *Id*. at 637. When a person of reasonable caution would conclude that contraband or evidence of criminal conduct will be found in the place to be searched, probable cause for a search exists. *Id*.

Defendant contends that probable cause was lacking because defendant's name was never mentioned in the search warrant, there was no nexus to defendant's home, the search warrant contained untrue statements, and the information was stale.[7] The trial court held an evidentiary hearing and rejected defendant's challenges to the search warrant.

---

[7] At the evidentiary hearing, defendant did not argue that the information was stale, and the trial court did not rule on the issue.

Review of the search warrant and affidavit in a common-sense and realistic manner, *Darwich*, 226 Mich App at 636-637, reveals that the trial court did not err by denying the motion to suppress. Review of the affidavit reveals that the detective set forth the reason for the investigation into identity theft, the complaint from a county official regarding employee targets of identify theft, the initial person suspected in the crimes, and the information provided by the first suspect regarding associates. Defendant contends that deliberate falsehoods were placed into the affidavit. Specifically, it was asserted that the county employee allegedly involved in the crimes was the aunt of a suspect. However, the detective deliberately omitted this information and merely indicated that a female employee was involved. Defendant also asserts that the specific county building involved was never delineated, but the detective chose the building located on Randolph Street. When questioned regarding these challenges, the detective testified that defendant was identified as an "aunt" of a suspect, but she was not a blood relative, but merely a close friend. Additionally, the detective noted that the primary complainants and the financial division were housed in the Randolph building. The trial court concluded that the factual challenges did not constitute falsehoods that would invalidate the search warrant, and we cannot conclude that the factual findings are clearly erroneous. *Williams*, 472 Mich at 313. Finally, with regard to the staleness of the information, defense counsel did not question the detective regarding the timeframe between the interviews with the suspects and the execution of the search warrant. Because a factual record to support defendant's claim was never developed, the issue has been abandoned.

*People v Howard*, 226 Mich App 528, 537; 575 NW2d 16 (1997).[8]

Affirmed.

---

[8] We note that defendant filed a Standard 4 brief that challenges the scope of MCL 750.157n and the great weight of the evidence. These issues were raised in the brief on appeal filed by counsel. Defendant contends that there was no testimony that post-it notes would allow access to proprietary accounts. Detective Catner testified that an investigation was triggered because of the dissemination of personal information belonging to Wayne County employees. This dissemination had resulted in changes to credit card information and attempts by other individuals to be added to legitimate accounts. As previously stated, these issues are without merit.