# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
October 14, 2014

v

DAVID ANDREW MATHER,

Defendant-Appellant.

No.  316176
Oakland Circuit Court
LC No.  2012-242743-FH

Before:  CAVANAGH, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right from his jury conviction for aggravated stalking, MCL 750.411i, and his sentence of 43 months to 10 years in prison.  We affirm, but remand for the ministerial task of correcting defendant's current presentence investigation report (PSIR).

Defendant and JE[1] began a dating relationship in July 2011, but that changed in September 2011 when the relationship became violent. Defendant was incarcerated twice, resulting in a no-contact order between defendant and JE.  Defendant was released from jail on June 25, 2012.  On June 29, 2012, he began text messaging JE.  He sent numerous text messages, some threatening and some that included pictures of him naked.  Defendant was arrested on July 25, 2012, and subsequently found guilty of aggravated stalking.

On appeal, defendant argues that there was insufficient evidence to support his conviction of aggravated stalking.  We disagree.

This Court reviews de novo challenges to the sufficiency of the evidence.  *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011).  The evidence is reviewed in a light most favorable to the prosecution to determine whether a trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt.  *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012).

---

[1] To protect the victim's privacy, we refer to her as "JE."

To prove aggravated stalking, the prosecution must establish that stalking occurred under an aggravating circumstance. MCL 750.411i(2). Defendant does not contest that he contacted JE in violation of a no-contact order, which was an aggravating circumstance. MCL 750.411i(2)(a). Instead, he denies that stalking was established. Stalking is defined as "a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested." MCL 750.411i(1)(e). "Harassment" includes "continuing unconsented contact that would cause a reasonable individual to suffer emotional distress and that actually causes the victim to suffer emotional distress." MCL 750.411i(1)(d). Defendant argues that the prosecution failed to establish unconsented contact or that JE actually felt terrorized, frightened, intimidated, threatened, harassed, or molested.

"'Unconsented contact' means any contact with another individual that is initiated or continued without that individual's consent or in disregard of that individual's expressed desire that the contact be avoided or discontinued." MCL 750.411i(1)(f). Defendant presented evidence that he had consensual contact with JE, in violation of the no-contact order, until around May 1, 2012. However, defendant was charged with unconsented contact between June 29, 2012, and July 25, 2012. JE testified that at a May 2012 hearing to rescind the no-contact order, at which defendant was present, the prosecutor read her statement aloud in court that she did not want contact with defendant. There was no evidence that she consented to contact after that. Defendant was incarcerated until June 25, 2012, and he began texting JE on June 29, 2012. JE testified that she did not respond to these texts and did not wish to receive them. Viewing the evidence in a light most favorable to the prosecution, a trier of fact could find beyond a reasonable doubt that the text messages constituted unconsented contact.

The prosecution also established that JE actually felt terrorized, frightened, intimidated, threatened, harassed, or molested by the text messages. JE testified that the naked photographs defendant sent made her feel very uncomfortable. She did not want defendant to know where she was living, and receiving text messages from him made her feel scared that defendant was going to find her. She testified that the messages were overwhelming and made her uncomfortable, and that she sought counseling. Viewing that testimony in a light most favorable to the prosecution, a trier of fact could find beyond a reasonable doubt that JE felt terrorized, frightened, intimidated, threatened, harassed, or molested.

Defendant also argues that JE's testimony was not credible because of discrepancies in her testimony and because her testimony was impeached. However, a witness's credibility is a matter of weight and not sufficiency; credibility determinations are a matter for the jury and not for this Court. *People v Scotts*, 80 Mich App 1, 9; 263 NW2d 272 (1977). We will not disturb the jury's determination that JE's testimony was credible.

Next, defendant argues that he was denied a fair trial because evidence was admitted in violation of MRE 404(b), and his counsel was ineffective for failing to object to that evidence; thus, his motion for a new trial should have been granted. We disagree.

A trial court's decision on a motion for new trial is reviewed for an abuse of discretion. *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008). Our review of unpreserved claims

of ineffective assistance of counsel is limited to errors apparent on the record. *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). "In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012).

Defendant argues that JE impermissibly testified that her relationship with defendant eventually changed when they "had some problems that kind of escalated and got violent." And Deputy Freiberg impermissibly testified that defendant had a prior "domestic case" involving JE. Defendant argues that such testimony was inadmissible under MRE 404(b)(1), which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

The prosecution argues that the statements were admissible as res gestae evidence to show JE's fear of defendant and that her fear was reasonable in light of their violent history. We agree. Res gestae evidence is properly admitted to provide background to jurors and allow them to examine the full transaction; evidence of other crimes is admissible when it explains the circumstances of the charged offense. *People v Malone*, 287 Mich App 648, 662; 792 NW2d 7 (2010). Here, as discussed above, to prove the crime of aggravated stalking the prosecutor had to show that a reasonable person would feel frightened, threatened, harassed or molested by defendant's behavior. The evidence was admitted to show that JE's fear of defendant was reasonable and that his threats against her were credible. And the testimony was not so extensive or detailed as to be overly prejudicial. Therefore, the evidence was properly admitted. Accordingly, defendant's claim that his counsel was ineffective for failing to object to JE's and Deputy Freiberg's testimony is without merit. *People v Horn*, 279 Mich App 31, 39-40; 755 NW2d 212 (2008).

Further, we reject defendant's argument that the picture of his penis should have been excluded under MRE 404(b). The photograph was not "other acts evidence." The texting of the photograph was part of the charged crime. The evidence was also not impermissible under MRE 403, which provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." The photograph was probative of whether JE reasonably felt threatened or intimidated by the communication. All probative evidence is prejudicial and defendant has failed to establish that its probative value was substantially outweighed by the danger of unfair prejudice.

Next, defendant argues that he should be resentenced. Defendant did not object at sentencing to the assessment of 10 points for OV 10, but raised the issue in a motion for resentencing. A defendant does not waive his right to appellate review of scoring errors where he challenged the errors in a motion for resentencing. MCL 769.34(10); *People v Hershey*, 303 Mich App 330, 354; 844 NW2d 127 (2013). "Under the sentencing guidelines, the circuit

court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.*

OV 10 concerns the "exploitation of a vulnerable victim." MCL 777.40(1). Defendant was assessed 10 points for OV 10, which is appropriate where "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." MCL 777.40(1)(b). Because there was no evidence of physical or mental disability, youth or agedness, or authority status, the assessment of 10 points must have been based upon a domestic relationship. "Domestic relationship" is not defined by MCL 777.40. However, this Court has found that, under OV 10, there must be a "familial" or "cohabiting" relationship to "qualify as a domestic relationship." *People v Jamison*, 292 Mich App 440, 446-447; 807 NW2d 427 (2011). MCL 777.40(3)(b) provides that the word "exploit" as used in OV10 "means to manipulate a victim for selfish or unethical purposes."

There was testimony that defendant and JE lived together for two weeks in the summer of 2011, but defendant maintained his own apartment. There was no evidence that defendant was able to manipulate JE because of their former brief cohabitation. Defendant did not manipulate JE; he sent text messages and made telephone calls to which she did not respond. Because defendant and JE lived together for such a brief time period and there was no evidence of manipulation, the trial court clearly erred in finding that OV 10 was established by a preponderance of the evidence. However, the error was harmless where the scoring of OV 10 at zero points would not have changed the guidelines range, as defense counsel acknowledged at the hearing on defendant's motion for resentencing. See *People v Mutchie*, 468 Mich 50, 52; 658 NW2d 154 (2003) (holding that even if error occurred in assessing offense variable points, the Court need not address the issue on appeal where correcting the error would not change the defendant's sentence).

Defendant also argues that he is entitled to resentencing because the trial court considered the PSIR from his prior domestic violence conviction, which was the basis of the no-contact order between defendant and JE. The prior PSIR was attached to the PSIR in this matter. Defendant argued in his motion for resentencing, and argues on appeal, that the information in the prior PSIR was inaccurate. Defendant pleaded no contest to the earlier charges.

A trial court's ruling on claimed inaccuracies in a PSIR is reviewed for an abuse of discretion. *People v Spanke*, 254 Mich App 642, 648; 658 NW2d 504 (2003). Factual findings are reviewed for clear error. *Hardy*, 494 Mich at 438. The *Spanke* Court described the procedure for dealing with challenges to the accuracy of a PSIR:

> The sentencing court must respond to challenges to the accuracy of information in a presentence report; however, the court has wide latitude in responding to these challenges. The court may determine the accuracy of the information, accept the defendant's version, or simply disregard the challenged information. Should the court choose the last option, it must clearly indicate that

-4-

it did not consider the alleged inaccuracy in determining the sentence. If the court finds the challenged information inaccurate or irrelevant, it must strike that information from the PSIR before sending the report to the Department of Corrections. [*Spanke*, 254 Mich App at 648-649 (citations omitted).]

In ruling on defendant's motion for resentencing, the trial court stated that, although it reviewed the information in the earlier PSIR, the court vividly recalled the trial in this matter and was not persuaded by that information in sentencing defendant. Instead, the trial court stated that it considered defendant's prior record and the victim's impact statement in which JE indicated that she was terrified of defendant and believed he would kill her if he was released.

It appears that the allegedly inaccurate information contained in the prior PSIR, and attached to the current PSIR, was not considered in sentencing defendant in this matter. Therefore, resentencing is not required. However, the trial court was required by MCR 6.425(E)(2)(a) to strike the prior PSIR from the current PSIR, which did not happen. See *Spanke*, 254 Mich App at 648-649. Accordingly, we remand this matter for the trial court to complete the ministerial task of correcting the current PSIR and sending an amended copy to the Department of Corrections.

Defendant also argues that the trial court erred by failing to inquire if he and his attorney had the opportunity to review the PSIR. MCR 6.425(E)(1)(a) requires the trial court at sentencing to determine, on the record, that the defendant, the defendant's counsel, and the prosecutor have had an opportunity to read and review the presentence report. However, "an error or defect in anything done or omitted by the court" is not a ground for disturbing an order or judgment "unless refusal to take this action appears to the court inconsistent with substantial justice." MCR 2.613(A).

It appears here that defense counsel had the opportunity to review the PSIR based on the prosecutor's statement at sentencing that the attorneys had discussed the matter. It is not clear that defendant had the opportunity to review the PSIR before sentencing. However, even if defendant did not have the opportunity to review the PSIR before sentencing, he had that opportunity before filing a motion for resentencing. The only challenges defendant raised to the current PSIR were the scoring of OV 10 and the alleged inaccuracy of the prior PSIR. As previously discussed, the trial court did not consider the prior PSIR in sentencing defendant, therefore, denying defendant's request for resentencing premised on the trial court's failure to make the requisite inquiry is not inconsistent with substantial justice. Further, affirming defendant's sentence is not inconsistent with substantial justice because the scoring of OV10 did not change the sentencing guidelines.

Affirmed, but remanded for the ministerial task of correcting defendant's current PSIR. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Amy Ronayne Krause