# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

EMMANUEL ANTOINE BROWN,

Defendant-Appellant.

UNPUBLISHED
April 16, 2015

No. 317376
Macomb Circuit Court
LC No. 2013-000296-FC

Before: HOEKSTRA, P.J., and MARKEY and DONOFRIO, JJ.

PER CURIAM.

A jury convicted defendant of two counts of armed robbery, MCL 750.529, third-degree fleeing or eluding a police officer, MCL 257.602a(3)(a), and resisting or obstructing a police officer, MCL 750.81d(1). The trial court sentenced defendant to concurrent prison terms of 16 to 40 years for each armed robbery conviction, 40 months to 60 months for the fleeing or eluding conviction, and 16 months to 24 months for the resisting or obstructing conviction. Defendant now appeals as of right, and we affirm.

The jury convicted defendant of aiding and abetting codefendants William Romero Bates and Kevin Renard Wyatt in their robbery of a gas station in Sterling Heights. The prosecutor's theory at trial was that defendant acted as the getaway driver. The evidence showed that Bates and Wyatt entered the gas station armed with guns and a Taser. The two clerks turned over cash from the register and a cell phone. The men fled in a gray Grand Marquis driven by and registered to defendant. The police observed a vehicle matching the description of the getaway vehicle, occupied by three people. The police attempted to stop the vehicle, but defendant did not stop and a police chase ensued. The vehicular chase ended when defendant ignored a traffic light, struck another vehicle, and then hit a utility pole, causing it to overturn on its side. All three occupants climbed out of the overturned vehicle, ignored police requests to stop, and fled on foot. Defendant was apprehended by a police officer, who tackled him, but he refused to comply with demands to show his hands. Defendant testified at trial that Bates and Wyatt robbed the gas station without his knowledge or assistance. He also testified that when they were in his car and observed the police after the robbery, Bates or Wyatt threatened him with a gun and told him not to stop. Defendant further denied that the police commanded him to stop or that he resisted their efforts to restrain him once he was tackled. Despite defendant's testimony, the jury convicted him as charged.

-1-

Defendant first challenges the sufficiency of the evidence in support of his robbery convictions. Defendant does not dispute that there was sufficient evidence to prove that Bates and Wyatt committed an armed robbery.[1] He argues only that there was insufficient evidence to prove that he aided and abetting Bates and Wyatt in committing the robbery. Appeals challenging the sufficiency of the evidence are reviewed de novo. *People v Henderson*, 306 Mich App 1, 8-9; 854 NW2d 234 (2014); *People v Malone*, 287 Mich App 648, 654; 792 NW2d 7 (2010). In examining a sufficiency challenge, the evidence is reviewed in a light most favorable to the prosecution to determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt. *People v Dunigan*, 299 Mich App 579, 582; 831 NW2d 243 (2013). Circumstantial evidence and reasonable inferences arising from that evidence may constitute proof of the elements of the crime. *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010). This Court's review is deferential because the trier of fact, not the appellate court, properly determines what inferences may be fairly drawn from the evidence and the weight to be accorded those inferences. *Malone*, 287 Mich App at 654. Thus, an appellate court does not interfere with the jury's assessment of the weight of evidence or the credibility of witnesses. *Dunigan*, 299 Mich App at 582; *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012).

A person who aids or abets the commission of an offense may be "prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed the offense." MCL 767.39.

> The general rule is that, to convict a defendant of aiding and abetting a crime, a prosecutor must establish that "(1) the crime charged was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time that [the defendant] gave aid and encouragement." [*People v Moore*, 470 Mich 56, 67-68; 679 NW2d 41 (2004), quoting *People v Carines*, 460 Mich 750, 768; 597 NW2d 130 (1999).]

The degree of advice, aid, or encouragement is immaterial if it induced the commission of the crime. *People v Smock*, 399 Mich 282, 285; 249 NW2d 59 (1976).

"To establish that one participated as an aider and abettor to armed robbery, the prosecutor must show that the defendant encouraged, counseled, or assisted another in the commission of an armed robbery with the intent of rendering such help with knowledge that a criminal act was contemplated." *People v Martin*, 150 Mich App 630, 634; 389 NW2d 713 (1986). "An aider and abettor's state of mind may be inferred from all the facts and circumstances." *People v Turner*, 213 Mich App 558, 568-569; 540 NW2d 728 (1995),

---

[1] "The elements of armed robbery are: (1) an assault and (2) a felonious taking of property from the victim's presence or person (3) while the defendant is armed with a weapon." *People v Smith*, 478 Mich 292, 319; 733 NW2d 351 (2007). However, defendant does not challenge these elements.

overruled on other grounds *People v Mass*, 464 Mich 615; 628 NW2d 540 (2001). Factors that assist in determining whether there was sufficient evidence that the defendant acted in concert as an aider and abettor with the principal include the close association between the defendant and the principal actor, the participation in planning or executing the crime, and evidence of flight after the crime. *People v Anderson*, 166 Mich App 455, 475; 421 NW2d 200 (1988). "Planning in advance to provide a felon with a quick 'getaway' is sufficient assistance to find defendant guilty as an aider and abettor." *People v Hartford*, 159 Mich App 295, 302; 406 NW2d 276 (1987). When a defendant's role in the crime as an aider and abettor by driving the getaway vehicle is contingent on credibility, this Court will not interfere with the jury's credibility determination. *People v Norris*, 236 Mich App 411, 421-422; 600 NW2d 658 (1999).

In the present case, there was sufficient circumstantial evidence to establish that defendant knew that Bates and Wyatt planned to rob the gas station, and that defendant actively assisted them by serving as the getaway driver. On the day of the robbery, defendant went to the same gas station and cashed his paycheck in the morning. He then went to the home of his fiancée, where he encountered her relatives, Bates and Wyatt. The three of them then drove from the west side of Detroit back to the BP gas station. During this substantial drive, Bates and Wyatt were armed with guns and a Taser, and they entered the BP gas station with their guns drawn and used the Taser on the store clerks. Although Bates and Wyatt committed the actual robberies, the evidence showed that defendant was waiting in his vehicle for them. A female patron who entered the gas station afterward described the getaway vehicle as a gray Grand Marquis, which matched the description of defendant's vehicle. The police spotted the Grand Marquis, in which defendant was the driver. When the police attempted to stop the vehicle, defendant accelerated, attempted to evade the police, crashed into another vehicle, and eventually stopped when it struck a utility pole. Items related to the robbery were discovered inside the vehicle.

The evidence of defendant's relationship with Bates and Wyatt, his familiarity with the gas station, the fact that Bates and Wyatt were armed with guns and a Taser as defendant drove them a substantial distance from the west side of Detroit to Sterling Heights, that Bates and Wyatt were visibly armed when they entered the gas station to rob it, that Bates and Wyatt entered defendant's vehicle after the robbery, and that defendant thereafter attempted to flee from the police to the point of crashing into another vehicle before crashing into a utility pole was sufficient to enable the jury to find beyond a reasonable doubt that defendant was a knowing participant in the robbery and acted as the getaway driver for Bates and Wyatt after they robbed the gas station. *Turner*, 213 Mich App at 568-69; *Anderson*, 166 Mich App at 475; *Hartford*, 159 Mich App at 302.

Although defendant denied any knowledge of the robbery and claimed that he was only merely present and that Bates and Wyatt demanded at gunpoint that he flee from the police, the credibility of defendant's testimony was for the jury to resolve. *Dunigan*, 299 Mich App at 582; *Norris*, 236 Mich App at 421-422. Further, the evidence showed that, after the crash, Bates and Wyatt fled the vehicle and left their guns behind. Thus, defendant was no longer subject to their threats, but he nonetheless exited the vehicle and also fled from police despite commands to stop. The jury could infer that defendant's flight showed his consciousness of guilt for the charged robberies. *Anderson*, 166 Mich App at 475. Accordingly, viewed in the light most favorable to

the prosecution, the evidence was sufficient to support defendant's convictions of armed robbery premised on an aiding and abetting theory.

Next, defendant argues that trial counsel was ineffective for failing to request a duress instruction for the third-degree fleeing or eluding charge. Because defendant did not raise this issue in a motion for a trial court or request for a *Ginther*[2] hearing in the trial court, our review is limited to mistakes apparent on the record. *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014); *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). Whether a defendant received ineffective assistance of trial counsel presents a mixed question of fact and constitutional law. *People v Douglas*, 496 Mich 557, 566; 852 NW2d 587 (2014). To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that absent counsel's errors, the result of the proceeding would have been different. *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013). The presumption is that defense counsel was effective, and a defendant must overcome the strong presumption that counsel's performance was sound trial strategy. *People v Gaines*, 306 Mich App 289, 310; 856 NW2d 222 (2014); *People v Johnson*, 293 Mich App 79, 90; 808 NW2d 815 (2011).

Defendant argues that defense counsel was ineffective for failing to request a jury instruction on the defense of duress in connection with the fleeing or eluding charge. A defendant is entitled to have a properly instructed jury consider the evidence against him. *People v Dupree*, 486 Mich 693, 712; 788 NW2d 399 (2010). To be entitled to the common-law affirmative defense of duress, a defendant raising the defense must present some evidence from which the jury could conclude that the essential elements of the defense are present. *Henderson*, 306 Mich App at 4. The defendant must show: (1) threatening conduct that was sufficient to create in the mind of a reasonable person fear of death or serious bodily harm; (2) the conduct caused such fear of death or serious bodily harm in the defendant's mind; (3) the fear or duress was on defendant's mind at the time of the alleged act; and (4) the defendant committed the act to avoid the threatened harm. *People v Lemons*, 454 Mich 234, 247; 562 NW2d 447 (1997).

Although we agree that defendant's testimony established support for a duress defense, it appears that defense counsel did not request an instruction on that defense as a matter of trial strategy. In his opening statement, defense counsel explained that defendant fled from the police out of panic, because he did not have a valid driver's license, did not have a registration for the vehicle, and did not have proof of insurance. Before defendant testified, defense counsel stated on the record that he had advised defendant not to testify. Defendant personally acknowledged that it was his desire to testify, against the recommendation of defense counsel. In his testimony, defendant testified inconsistently with defense counsel's opening statement. He denied that he fled from the police out of panic because he did not have a valid driver's license, but rather claimed that he fled because Bates and Wyatt were threatening him with a gun. In his closing argument, defense counsel did not directly address the inconsistency between counsel's opening statement and defendant's testimony, or comment on any duress theory. Instead, counsel

---

[2] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

remarked that defendant's failure to stop, "for whatever reason," may have been "stupid" and not "his brightest moment," but argued that the jury was not obligated to find defendant guilty. Counsel also added that defendant had been a special-needs student all of his life. It appears from this record that a duress defense was never intended to be part of the defense strategy, and that defendant's decision to testify against counsel's advice was unanticipated and compromised counsel's strategy at trial. It placed counsel in the awkward position of having to decide whether to advocate for a defense theory that was inconsistent with the defense theory that counsel had been pursuing throughout the trial. It appears from counsel's failure to comment on a duress defense during closing argument that counsel decided not to request a duress defense jury instruction as a matter of trial strategy. This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight. *Payne*, 285 Mich App at 190. Under the circumstances, defendant has not overcome the presumption of sound trial strategy.

Moreover, even if defense counsel's failure to request a duress instruction was objectively unreasonable, defendant has not established that he was prejudiced by counsel's failure to request the instruction. Defendant's testimony was the only evidence that supported the instruction, and the instruction would have been applicable only to the fleeing or eluding charge. In addition to testifying that he fled from the police only because Bates and Wyatt threatened him with a gun, defendant denied any knowledge of or participation in the robbery, and he also denied that the police commanded him to stop or that he resisted their efforts to restrain him once he was tackled. Despite defendant's testimony, the jury found him guilty of all charges, even those for which duress would not have been a defense, thereby indicating that the jury did not believe defendant's testimony. Because defendant's testimony was the only evidence that supported a duress instruction and because it is apparent from the jury's verdict that it did not find defendant credible, there is no reasonable probability that the jury's verdict on the fleeing or eluding charge would have been different if a duress instruction had been requested and given. Therefore, defendant cannot establish the requisite prejudice to prevail on an ineffective assistance of counsel claim.

Defendant lastly argues that judicial fact-finding by the trial court when scoring the sentencing guidelines variables entitles him to resentencing under *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013). As defendant acknowledges, this Court rejected this same argument in *People v Herron*, 303 Mich App 392, 405; 845 NW2d 533 (2013), appeal held in abeyance ___ Mich ___; 846 NW2d 924 (2014). This Court acknowledged in *People v Lockridge*, 304 Mich App 278; 849 NW2d 388 (2014), lv granted 496 Mich 852 (2014), that it is bound to follow the decision in *Herron*. Although our Supreme Court has granted leave to appeal in *Lockridge*, we remain bound by the precedent established by *Herron* and *Lockridge* pending a decision by our Supreme Court. MCR 7.215(J)(1).

Affirmed.

/s/ Joel P. Hoekstra
/s/ Jane E. Markey
/s/ Pat M. Donofrio

-5-