# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

DONALD WAYNE BARNES III,

        Defendant-Appellee.

UNPUBLISHED
May 8, 2018

No. 337113
Oakland Circuit Court
LC No. 2016-257776-FH

Before: SERVITTO, P.J., and MARKEY and O'CONNELL, JJ.

Servitto, J. (*concurring in part and dissenting in part*).

I concur with the majority's conclusion that the trial court's order quashing the search warrants for the Perry Street and Brown Road properties should be reversed and the case should be remanded to the trial court for further proceedings with respect to charges stemming from evidence found at those properties. I, however, would affirm the trial court's ruling quashing the search warrant with respect to defendant's home on Meadowbrook Lane, suppressing any evidence obtained from that location, and dismissing any charges against defendant stemming from evidence obtained from his home.

A search warrant may only be issued on a showing of probable cause. US Const. Am IV; Const 1963, art 1, § 11; MCL 780.651(1). "Probable cause for issuance of a search warrant exists if there is a substantial basis for inferring a fair probability that contraband or evidence of a crime exists in the location to be searched." *People v Malone*, 287 Mich App 648, 663; 792 NW2d 7 (2010), overruled on other grounds by *People v Jackson*, 498 Mich 246; 869 NW2d 253 (2015). Probable cause must be based on facts presented to the issuing magistrate by oath or affirmation. *People v Brown,* 297 Mich App 670, 675; 825 NW2d 91 (2012). "When probable cause is averred in an affidavit, the affidavit must contain facts within the knowledge of the affiant rather than mere conclusions or beliefs." *People v Waclawski*, 286 Mich App 634, 698; 780 NW2d 321 (2009).

"When reviewing a magistrate's decision to issue a search warrant, this Court must examine the search warrant and underlying affidavit in a common-sense and realistic manner." *Malone*, 287 Mich App at 663. This Court must then determine whether a "reasonably cautious person," under the totality of the circumstances, "could have concluded that there was a substantial basis for the magistrate's finding of probable cause." *Id*.

-1-

In this matter, the investigation was into illegal sales of marijuana at the Metro Detroit Compassion Club (MDCC), a Michigan nonprofit corporation. Based on controlled buys of marijuana made at that location, there was probable cause to issue a search warrant for the MDCC facility. In the affidavit supporting the search warrant for a warehouse located on Brown Road, it was averred that during the execution of the search warrant at the MDCC documents were found indicating that a marijuana dispensary was located on Brown Road. While perhaps a stretch, there was sufficient probable cause to issue a search warrant for the Brown Road property. The same, however, does not hold true with respect to the search warrant issued for defendant's home.

In the affidavit submitted by Detective Eric Buckberry in support of his request for a search warrant of defendant's home, Buckberry averred that he was in charge of an ongoing narcotics investigation at the MDCC. Buckberry swore that he received information that employees of the MDCC were selling marijuana to persons who had medical marijuana cards but were not registered patients of anyone at the MDCC, and that he had conducted four controlled buys at the MDCC with a confidential informant. Buckberry swore that, in his experience, persons trafficking drugs often document transactions and keep other evidence of their transactions and that said evidence may be located at defendant's home. Buckberry swore that defendant was shown to be the resident agent of MDCC. Buckberry also swore that a vehicle registered to defendant has been seen at the MDCC numerous times in the past 30 days. The magistrate signed a search warrant for defendant's home based on the affidavit provided by Buckberry.

Notably absent from the affidavit is any mention of defendant being present at the MDCC at the time of the controlled buys, or any mention of defendant having taken part in any of the controlled buys or having been suspected as being part of the illegal drug sales out of the MDCC. Instead, the affidavit simply stated that defendant's vehicle was seen at the MDCC numerous times. With respect to defendant being listed as MDCC's resident agent, the address of the resident agent provided on the MDCC articles of incorporation filed with the state was not his home address. Rather, the address listed was on Joslyn Road in Lake Orion. More importantly, the naming of a resident agent is simply a statutory requirement of every domestic and foreign corporation authorized to conduct affairs in the state of Michigan. MCL 450.2241(b). Pursuant to MCL 450.2241(b):

> Any of the following may serve as resident agent:
>
> (i) An individual resident in this state whose business office or residence is identical with the registered office.
>
> (ii) A domestic corporation, a domestic business corporation, a foreign corporation, a foreign business corporation, a limited liability company, or another entity, if it is authorized to conduct affairs or transact business in this state and it has a business office identical with the registered office.

Thus, the only requirement of a resident agent is that it have a business office or residence identical to the registered office of the business. Moreover, the general purpose of a resident agent is only to serve as an agent of the corporation for purposes of accepting service of process

on behalf of the corporation. MCL 450.2246. A resident agent need not have any ownership in, control over, or otherwise participate in the running of the corporation. I would find, then, that the facts that defendant was listed as the resident agent of the MDCC and his vehicle was there on several occasions were insufficient to establish probable cause to believe that evidence of illegal drug sales would be found at his home. Buckberry did not state that he had any information whatsoever tying defendant to the controlled buys or that the illegal sales being made by employees of the MDCC were in fact being made by defendant, nor did he attest to any drug sales or information concerning drug sales being made out of defendant's home. There was no substantial basis for inferring a fair probability that drugs or evidence of drug sales would be found at defendant's home based on the scant information contained in Buckberry's affidavit (*Malone*, 287 Mich App at 663) and the search warrant for defendant's home was thus invalid.

"Ordinarily, if a warrant is determined to be invalid because it lacked a probable-cause basis or was technically deficient in some other manner, any evidence seized pursuant to that warrant, or seized subsequently as a result of the initial illegal search, is inadmissible as substantive evidence in related criminal proceeding." *People v Hellstrom*, 264 Mich App 187, 193; 690 NW2d 293 (2004). There are, however, exceptions to this exclusionary rule. In *People v Goldston*, 470 Mich 523, 543; 682 NW2d 479 (2004), our Supreme Court adopted the "good-faith exception" to the exclusionary rule in Michigan. The exclusionary rule "does not bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant ultimately found to have been defective." *Id.* at 525–26. The *Goldston* Court relied primarily upon and adopted the reasoning in *United States v Leon,* 468 US 897; 104 S Ct 3405; 82 L Ed 2d 677 (1984), wherein it was concluded that the exclusionary rule should be employed on a case-by-case basis and only where exclusion would further the purpose of deterring police misconduct.

> The Court emphasized, however, that a police officer's reliance on a magistrate's probable cause determination and on the technical sufficiency of a warrant must be objectively reasonable. Evidence should also be suppressed if the issuing magistrate or judge is misled by information in the affidavit that the affiant either knew was false or would have known was false except for his reckless disregard of the truth. Further, the Court stated that the good-faith exception does not apply where the magistrate wholly abandons his judicial role or where an officer relies on a warrant based on an affidavit " 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.' " [*Leon* 468 US] at 923. [*Goldston*, 470 Mich at 531]

I would find that, under the totality of the circumstances in this case, the officers relied on a warrant to search defendant's home based on an affidavit so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable. It is entirely unreasonable to find that the resident agent of a corporation opens himself up to personal searches whenever the corporation is suspected of wrongdoing. A resident agent is simply a statutorily required figurehead authorized to accept service of process on behalf of the corporation—nothing more. That fact, alone, does not render a resident agent susceptible to giving up his Fourth Amendment rights due to suspected criminal activity by employees of the corporation. That defendant's vehicle was seen at the MDCC on numerous occasions does not change my opinion. Any citizen can and should be able to visit a nonprofit corporation without giving up his or her Fourth Amendment rights to have probable cause support a search warrant. I would thus affirm the trial

court's ruling quashing the search warrant with respect to defendant's home on Meadowbrook Lane, suppressing any evidence obtained from that location, and dismissing any charges against defendant stemming from evidence obtained from his home.


/s/ Deborah A. Servitto