Terrill D. BYBEE, Plaintiff–Appellant,

v.

CITY OF PADUCAH, Defendant–
Appellee.

No. 01–6440.

United States Court of Appeals,
Sixth Circuit.

Aug. 13, 2002.

Before KENNEDY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.

*ORDER*

This pro se litigant appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking $100,000,000 in damages and injunctive relief, Terrill D. Bybee sued the City of Paducah, Kentucky (City). Bybee claimed that a city police officer illegally searched and impounded his vehicle. As a result of the police officer's conduct, Bybee contends that the City violated his Fourth, Fifth, and Ninth Amendment rights. The district court granted summary judgment in favor of the City.

In his timely appeal from the district court's judgment, Bybee essentially reasserts the claims set forth in the district court.

This court reviews the district court's grant of summary judgment to the defendant de novo. *Aiken v. City of Memphis,* 190 F.3d 753, 755 (6th Cir.1999). Summary judgment is proper only when there is no dispute as to a material question of fact and one party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Viewing all facts and inferences drawn therefrom in the light most favorable to the nonmovant, this court then determines whether the evidence presented is such that a reasonable jury could find for that party. *Aiken,* 190 F.3d at 755 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). If the evidence is such that a reasonable jury could return a verdict for the non-moving party, then summary judgment should be denied. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The district court properly granted summary judgment in favor of the City. Bybee claims that a city police officer illegally searched and impounded his vehicle in violation of his Fourth, Fifth, and Ninth Amendment rights. Bybee's claims stem from a minor traffic accident. A Paducah police officer investigated the accident and discovered that Bybee did not possess a license to drive, a vehicle registration, or liability insurance coverage as required by statute. Rather, Bybee's operator's license, vehicle registration, and car tag were issued by the fictional "Nation of Washitaw" (the territory of the United States except the thirteen original colonies and Texas). People who recognize the Nation of Washitaw call themselves "Freemen" (*i.e.,* not bound by the laws of the states). The city police officer knew that "Freemen" regularly carried firearms. As a precaution, the police officer asked Bybee whether he had any weapons in his possession. Bybee responded by saying "yes," and pointing out a revolver in his vehicle—not concealed, but in plain view. The police officer reached inside the vehicle, retrieved the pistol, removed the ammunition cylinder, and retained possession of the gun frame during the course of his investigation (The gun frame was returned at the

conclusion of the investigation.). After the police officer confirmed that Bybee's vehicle registration was invalid, he arranged to have the truck impounded until Bybee could obtain a valid registration and proof of insurance.

■ The search of Bybee's truck did not violate his Fourth Amendment rights. This court has authorized officers to undertake highly intrusive behavior, such as frisks for weapons and the display of arms, as reasonably necessary precautions for their own protection when they believe the suspect with which they are dealing is armed and dangerous. *See United States v. Hardnett*, 804 F.2d 353, 356–57 (6th Cir.1986). The reasonableness of an officer's conduct depends upon whether the surrounding circumstances give rise to a justifiable fear for personal safety. *Id.* at 357. Fear for personal safety can justify actions such as drawing a gun, cuffing a suspect, or forcing the suspect to lie on the ground, if those actions are reasonably necessary for the protection of the officers. *Id.; Adams v. Williams*, 407 U.S. 143, 145, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972) ("The Court recognized . . . that the policeman making a reasonable investigatory stop should not be denied the opportunity to protect himself from attack by a hostile suspect.").

The conduct of the investigating police officer was reasonable given his suspicions and the surrounding circumstances. Bybee's Nation of Washitaw affiliation identified him as scofflaw, and Bybee admitted having a loaded pistol in the passenger compartment of his truck. Such circumstances give rise to a justifiable fear for personal safety, and it was perfectly reasonable for the police officer to glance about the vehicle's interior and to secure the pistol during the course of the investigation.

■ Bybee's truck was not unlawfully seized. Bybee contends that the City violated his constitutional rights by impounding his truck because it was not licensed, registered, or insured. As part of what the Supreme Court has called "community caretaking functions," and in the interests of public safety, police officers frequently assume custody of automobiles. *South Dakota v. Opperman*, 428 U.S. 364, 368, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), quoting *Cady v. Dombrowski*, 413 U.S. 433, 441, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973). The Commonwealth of Kentucky has determined that the safety of the public is better protected if all persons operating motor vehicles in the state maintain liability insurance and register the vehicle in the operator's state of residence. *See* Ky.Rev. Stat. § 304.39–080 and Ky.Rev.Stat. § 186.170. Bybee's truck constituted a threat to public safety because Bybee had not registered his truck and did not maintain any sort of liability insurance on the truck. Thus, the police officer did not unlawfully seize it.

■ To the extent Bybee claims that the investigating police officer's conduct violated his due process rights under the Fifth Amendment, his claim is not well-taken. The Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government. *See generally Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir.1981); *Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir.1977). The investigating police officer did not serve the federal government in any capacity on the day in question. To the extent Bybee claims a Fourteenth Amendment due process violation, his claim is not well-taken. While the Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities, in cases involving an intentional deprivation of property a plaintiff may not bring a § 1983 suit claim-

ing a denial of procedural due process if adequate state remedies exist. *See Hudson v. Palmer*, 468 U.S. 517, 533–36, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Bybee did not plead and prove that state remedies for redressing the alleged wrong are inadequate. *See Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir.1999).

■ Finally, even if the police officer's conduct impinged on Bybee's constitutional rights, the City is entitled to summary judgment. When a § 1983 claim is made against a municipality, two distinct issues must be analyzed: 1) whether plaintiff's harm was caused by a constitutional violation; and 2) if so, whether the city is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992). As for the second inquiry, municipalities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir.1993). A plaintiff must identify the policy, connect the policy to the city, and show that the particular injury was incurred because of the execution of that policy. *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir.1993). The City is entitled to summary judgment because the record is devoid of proof of a municipal policy or custom that caused the investigating police officer to violate Bybee's civil rights.

Accordingly, the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.