PEOPLE v JOHNSON-El

Docket No. 306880. Submitted March 5, 2013, at Detroit. Decided March 7, 2013, at 9:00 a.m. Leave to appeal denied, 494 Mich ___.

Anthony L. Johnson-El was convicted of forgery, uttering and publishing, and encumbering real property without lawful cause following a bench trial in the Wayne Circuit Court, Daniel A. Hathaway, J. The convictions were based on an affidavit of allodial title that defendant, a "Washitaw Moor," authored, signed, and recorded with the Wayne County Register of Deeds for a parcel of property in which he had no ownership or security interest. The actions of defendant clouded title to the property, interfering with the true owner's ability to redeem the property from foreclosure by attempting to sell it to an interested buyer to secure the funds necessary to satisfy the secured debt. Defendant appealed.

The Court of Appeals *held*:

1. The prosecution presented sufficient evidence to establish that the affidavit was false and forged and that defendant was aware of the falsity of the affidavit when he authored and recorded it. The prosecution presented sufficient evidence from which the court could determine beyond a reasonable doubt that the affidavit was a false instrument, as required to establish that defendant committed forgery and uttering and publishing, and that defendant had no lawful cause to slander the true owner's title. The prosecution also presented sufficient evidence to show that defendant intended to defraud, harass, or intimidate anyone holding an actual interest in the property.

2. Claiming to be a citizen of a fictional sovereign does not bestow on defendant any legitimate right to real property situated in Michigan. The evidence demonstrates that defendant was aware that he had no legal right to the property and fraudulently filed the affidavit despite the real interests of the true owner and the foreclosing bank.

3. Defendant uttered and published the affidavit and unlawfully encumbered the property when he recorded the affidavit.

4. One need not know the victim of his or her harassment, fraud, or forgery, therefore, it is irrelevant that defendant did not actually know the true owner of the property at the time defendant filed the affidavit.

Affirmed.

1. FORGERY — ELEMENTS OF CRIME.

The elements of the crime of forgery are (1) an act that results in the false making or alteration of an instrument (which makes an instrument appear to be what it is not) and (2) a concurrent intent to defraud or injure (MCL 750.248[1]).

2. CRIMINAL LAW — UTTERING AND PUBLISHING — ELEMENTS OF CRIME.

The elements of the crime of uttering and publishing a forged instrument are (1) knowledge on the part of the accused that the instrument is false, (2) an intent to defraud, and (3) presentation of the forged instrument for payment; to utter and publish a forged instrument is to declare or assert, directly or indirectly, by words or actions, that an instrument is good (MCL 750.249).

3. CRIMINAL LAW — EVIDENCE — INFERENCES — INTENT TO DECEIVE.

A fact-finder can infer a defendant's intent to deceive from the evidence; minimal circumstantial evidence suffices to prove a defendant's intent.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Julie A. Powell*, Assistant Prosecuting Attorney, for the people.

*Ronald D. Ambrose* for defendant.

Before: GLEICHER, P.J., and SAWYER and FORT HOOD, JJ.

PER CURIAM. Following a bench trial, the circuit court convicted defendant, Anthony Lee Johnson-El, of forgery, MCL 750.248, uttering and publishing, MCL 750.249, and encumbering real property without lawful cause, MCL 600.2907a(2), based on an "Affidavit of Allodial Title" that he authored, signed, and recorded with the Wayne County Register of Deeds for a parcel of property in which he had no ownership or other interest. The prosecution presented sufficient evidence to establish that the affidavit was false and forged and

that defendant was aware of the affidavit's falsity when he authored and recorded it. We therefore affirm.

I. BACKGROUND

On July 21, 2010, defendant recorded an "Affidavit of Allodial Title" with the Wayne County Register of Deeds claiming an interest in real property located at 14503 Faust in Detroit. The affidavit stated that defendant owned the property, that its value was secured by a $100-billion bond, and that defendant was a secured party. Defendant claims allodial title because he is a "Washitaw Moor," as indicated in his tribe-endorsed birth certificate provided to the circuit court. Although the United States Court of Appeals for the Sixth Circuit has called the Nation of Washitaw fictional, the Washitaw Moors apparently believe that all land in this country outside the 13 original colonies and Texas belongs to its members. *Bybee v City of Paducah*, 46 Fed Appx 735, 736 (CA 6, 2002); see Article 18(2) of the Proof of Truth Claim: International Declaration of Washitaw Muurs Standing.[1] Allodial title denotes "absolute ownership" of property over which no one can bring a superior claim. Black's Law Dictionary (7th ed), p 76. As a member of the sovereign nation that he believes owns all land in Michigan, defendant was of the opinion that his claim to the subject property was superior to all others. Consistent with this belief, defendant filed affidavits of allodial title for several properties in Wayne County. Benjamin Way, a deputy register

---

[1] The Washitaw Moors claim a mixture of Native American and African heritage and assert that they are a sovereign nation within the United States. See the Preamble and Article Seven of the Proof of Truth Claim: International Declaration of Washitaw Muurs Standing, October 17, 2009, available at <http://lawfortherecord.blogspot.com/2009/10/international-declaration-of-washitaw_17.html> (accessed March 1, 2013).

of deeds in Wayne County, explained that in relation to the Faust Street property and the others over which defendant claimed ownership, he found no recorded documents from a previous owner or security-interest holder transferring any interest to defendant.

Defendant's actions clouded the property's title. The property's true owner, Jesus Martin-Roman, was unable to redeem the property, which was then subject to a bank foreclosure, by attempting to sell it to an interested buyer to secure the funds necessary to satisfy the secured debt. When Martin-Roman's real estate agent contacted defendant, defendant asserted his "property rights" and warned the agent not to close the sale or "I got their ass."

## II. SUFFICIENCY OF THE EVIDENCE

Defendant contends that the prosecutor failed to prove beyond a reasonable doubt that the affidavit was false or forged or that he filed the affidavit to harass or intimidate anyone. When reviewing challenges to the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could conclude that the prosecution proved all the essential elements of the crime beyond a reasonable doubt. *People v Hunter*, 466 Mich 1, 6; 643 NW2d 218 (2002).

MCL 750.248(1) proscribes forgery as follows: "A person who falsely makes, alters, forges, or counterfeits a public record . . . with intent to injure or defraud another person is guilty of a felony[.]" "The elements of the crime of forgery are: (1) an act which results in the false making or alteration of an instrument (which makes an instrument appear to be what it is not); and (2) a concurrent intent to defraud or injure. The key is that the writing itself is a lie." *People v Grable*, 95 Mich App 20, 24; 289 NW2d 871 (1980), citing *People v Susalla*, 392 Mich 387, 392-393; 220 NW2d 405 (1974).

MCL 750.249 describes the crime of "uttering and publishing" as follows: "A person who utters and publishes as true a false, forged, altered, or counterfeit record, instrument, or other writing listed in [MCL 750.248] knowing it to be false, altered, forged, or counterfeit with intent to injure or defraud is guilty of a felony[.]" "The elements of the crime of uttering and publishing a forged instrument are: (1) knowledge on the part of the accused that the instrument was false; (2) an intent to defraud; and (3) presentation of the forged instrument for payment." *Grable*, 95 Mich App at 24. To "utter and publish a forged instrument is to declare or assert, directly or indirectly, by words or actions, that an instrument is good." *People v Fudge*, 66 Mich App 625, 632; 239 NW2d 686 (1976) (quotation marks and citation omitted).

MCL 600.2907a(2) creates criminal liability for a person who unlawfully encumbers real property as follows: "A person who violates [MCL 565.25] by encumbering property through the recording of a document without lawful cause with the intent to harass or intimidate any person is guilty of a felony[.]" This is the criminal version of a slander-of-title tort.

The prosecution presented sufficient evidence from which the court could determine beyond a reasonable doubt that the affidavit was a false instrument. In the affidavit, defendant swore that he owned the property and had secured a $100 billion bond over the property. Yet, defendant admitted at trial that he never purchased the property or took ownership through an interest transferred by a previous owner or security-interest holder. Rather, defendant admitted that he drove past the property, saw that the windows were boarded up and the door was padlocked, and then decided to simply take the property as his own by authoring and recording the affidavit. This evidence supports the determinations that

the affidavit was false, as required to establish that defendant committed forgery and uttering and publishing, and that defendant had no lawful cause to slander Martin-Roman's title.

The prosecution also presented more than sufficient evidence that defendant intended to defraud, harass, or intimidate anyone holding an actual interest in the property. A fact-finder can infer a defendant's intent to deceive from the evidence. *People v Reigle*, 223 Mich App 34, 39; 566 NW2d 21 (1997). Minimal circumstantial evidence suffices to prove a defendant's intent. *People v Guthrie*, 262 Mich App 416, 419; 686 NW2d 767 (2004). Defendant's only claim to the property is by virtue of his proclaimed Washitaw citizenship. Claiming to be a citizen of a fictional sovereign does not bestow upon defendant any legitimate right to real property situated in this state. Defendant's own witness, Roger Allen-Dey, testified that Washitaw Moors customarily seek out properties upon which creditors have foreclosed as targets to assert allodial title. Defendant had followed this scheme by filing similar affidavits for several properties in Wayne County; he was fortunate none of the other property owners complained to law enforcement officials. This evidence satisfactorily demonstrates that defendant was aware that he had no legal right to the property and fraudulently filed the affidavit despite the real interests of Martin-Roman and the foreclosing bank.

The prosecution presented sufficient evidence that defendant uttered and published the affidavit[2] and unlawfully encumbered the property when he recorded

---

[2] The recording of a false mortgage or deed meets the requirements for uttering and publishing. See *Perkins v People*, 27 Mich 386 (1873); *People v Caton*, 25 Mich 388 (1872); *People v Shively*, 230 Mich App 626, 630-631; 584 NW2d 740 (1998).

the affidavit with the Wayne County Registry of Deeds. Defendant swore to the truth of the statements in the affidavit before a notary public, knowing that his statements were not true. Defendant then presented the affidavit to the Register of Deeds for recording. As a result of this recorded false document, others were led to believe that Martin-Roman's title to the property was clouded.

Contrary to defendant's challenge on appeal, it is irrelevant that he did not actually know Martin-Roman at the time he filed the affidavit. One need not know the victim of his or her harassment, fraud, or forgery. Because defendant's admitted scheme was to file affidavits of allodial title for properties that were being foreclosed upon, defendant at least knew that he was interfering with the interests of the properties' original owners and the entities exercising their rights to foreclosure. Moreover, defendant exhibited his intent to harass or intimidate Martin-Roman personally when he threatened Martin-Roman's real estate agent. This evidence more than adequately supported defendant's convictions.

Affirmed.

GLEICHER, P.J., and SAWYER and FORT HOOD, JJ., concurred.