# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROSAURA DOMINGUEZ,

Defendant-Appellant.

UNPUBLISHED
May 12, 2015

No. 319485
Wayne Circuit Court
LC No. 13-003117-FH

Before: RIORDAN, P.J., and JANSEN and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right her jury trial conviction of larceny in a building, MCL 750.360. Defendant was sentenced to one year of probation for her conviction. We affirm in part and remand in part, so the trial court can establish a factual basis for the imposition of $600 in court costs and to provide defendant the opportunity to challenge the reasonableness of the costs imposed.

Defendant first argues that there was insufficient evidence to support her conviction of larceny in a building. We disagree. We review a challenge to the sufficiency of the evidence de novo. *People v Malone*, 287 Mich App 648, 654; 792 NW2d 7 (2010). "When reviewing challenges to the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could conclude that the prosecution proved all the essential elements of the crime beyond a reasonable doubt." *People v Johnson-El*, 299 Mich App 648, 651; 831 NW2d 478 (2013). This Court "must draw all reasonable inferences and examine credibility issues in support of the jury verdict" and "must not interfere with the jury's role as the sole judge of the facts when reviewing evidence." *Malone,* 287 Mich App at 654.

The elements of larceny in a building are: (1) the actual or constructive taking of goods or property of another, (2) without the consent and against the will of the owner, and (3) a carrying away or asportation of the goods, (4) with a felonious intent, and (5) the taking having occurred within the confines of the building. MCL 750.360; *People v Sykes*, 229 Mich App 254, 278; 582 NW2d 197 (1998). "The felonious intent required for larceny . . . is an intent to permanently deprive the owner of his property." *People v Pratt*, 254 Mich App 425, 427–428; 656 NW2d 866 (2002). "A fact-finder may infer a defendant's intent from all of the facts and circumstances." *People v Kissner*, 292 Mich App 526, 534; 808 NW2d 522 (2011). "Minimal

-1-

circumstantial evidence suffices to prove a defendant's intent." *Johnson-El*, 299 Mich App at 653.

Here, we disagree with defendant that there was insufficient evidence of defendant's intent. The victim was at MGM casino playing on a slot machine when her wallet fell to the ground. The evidence showed that defendant, an off-duty police officer, sat down next to the victim, surreptitiously placed her foot on the victim's wallet, slid the wallet closer to her, and picked up the wallet. Defendant then went into the bathroom with the wallet and admittedly threw the wallet in the trashcan. Later, when the wallet was recovered, it was discovered that money was missing and that the remaining money had been moved to a different compartment in the wallet. Only minimal circumstantial evidence is necessary to prove defendant's intent, and defendant's intent may be inferred from the facts and circumstances. *Id*. at 653; *Kissner*, 292 Mich App at 534. At trial, the prosecution argued that it could be inferred from the evidence that defendant took money from the wallet before throwing the wallet away, and, upon realizing she had been caught, replaced some of the money before handing it over to casino security. We agree that this is a reasonable inference based on the record. At trial, defendant asserted that she merely found the wallet and threw it away because she had been drinking and did not want to appear suspicious. In addition, on appeal, defendant points to discrepancies in the victim's story, particularly in regard to the amount of money missing from the wallet. We reject these claims of error; credibility issues are resolved in favor of the jury verdict and we will "not interfere with the jury's role as the sole judge of the facts when reviewing the evidence." *Malone*, 287 Mich App at 654. Thus, when viewed in the light most favorable to the prosecution, sufficient evidence was presented to establish defendant had the intent to deprive the victim of her property.

Defendant next argues that the trial court erred when it imposed $600 dollars in court costs because it did not have independent statutory authority to do so. We agree that the trial court lacked independent statutory authority to impose costs pursuant to MCL 769.1k(1)(b)(*ii*), but further hold that the trial court may impose costs pursuant to MCL 769.1k(1)(b)(*iii*).

A defendant must object when the trial court orders a defendant to pay costs and attorney fees. *People v Konopka*, __ Mich App __, __; __ NW2d __ (2015) (Docket No. 319913); slip op at 6. Defendant failed to object when the trial court ordered her to pay $600 in court costs. Therefore, this issue is unpreserved. This Court reviews unpreserved issues for plain error affecting a defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Defendant contends that the trial court erred in imposing $600 in court costs because the trial court did not have independent authority for the imposition of costs, as required by *People v Cunningham*, 496 Mich 145; 852 NW2d 118 (2014). In *Cunningham*, our Supreme Court held that the former version of MCL 769.1k(1)(b)(*ii*) provided courts with the authority to impose only those costs that were separately authorized by statute. *Id*. at 154. In this case, defendant was convicted of MCL 750.360, which does not authorize the imposition of court costs. Accordingly, the imposition of court costs was not separately authorized by statute, as required by *Cunningham*.

Nonetheless, the trial court's imposition of court costs is authorized by the amended version of MCL 769.1k(1)(b)(*iii*). On October 17, 2014, the Legislature amended MCL 769.1k to allow a trial court to impose any costs reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case. MCL 769.1k(1)(b)(*iii*). "This amended version became effective on October 17, 2014, and applies to all fines, costs, and assessments under MCL 769.1k before June 18, 2014, and after the effective date of the amendatory act." *Id*. at __; slip op at 6, citing 2014 PA 352. Here, the court costs were imposed on December 3, 2013. Accordingly, the amended version of MCL 769.1k applies.

The amended version of MCL 769.1k(1)(b) provides:

(b) The court may impose any or all of the following:

* * *

(*iii*) Until 36 months after the date the amendatory act that added subsection (7) is enacted into law, any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:

(A) Salaries and benefits for relevant court personnel.

(B) Goods and services necessary for the operation of the court.

(C) Necessary expenses for the operation and maintenance of court buildings and facilities.

In this case, the trial court imposed $600 in court costs without explanation. Although the court costs do need to be separately calculated, MCL 769.1k(1)(b)(*iii*), the trial court must establish a factual basis under the statute for the costs imposed. *Konopka*, ___ Mich App at ___; slip op at 7-8. "[W]ithout a factual basis for the costs imposed, we cannot determine whether the costs imposed were reasonably related to the actual costs, as required by MCL 769.1k(1)(b)(*iii*)." *Id*. at ___; slip op at 8. Further, because defendant challenges the basis for the award of costs, she should be afforded an opportunity to challenge the reasonableness of the costs in the trial court. *Id*. at __; slip op at 8. Therefore, we remand to the trial court to establish a factual basis for the $600 in court costs and to provide defendant the opportunity to challenge the reasonableness of the court costs imposed.

The prosecution contends that the case should be remanded in order for the trial court to impose $68 in state minimum costs, as authorized by MCL 769.1j(1)(a). However, those costs have already been imposed as indicated on the judgment of sentence.

-3-

Affirmed in part and remanded in part, so the trial court can establish a factual basis for the imposition of court costs and to provide defendant the opportunity to challenge the reasonableness of the costs imposed. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Karen M. Fort Hood